UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAURA CINTRON, | |
| Plaintiff, | 10-0195 (NLH, JS) |
| v. | OPINION |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

Appearances:

LAURA CINTRON
962 HARDING HIGHWAY
BUENA, NEW JERSEY 08310
*Pro Se Plaintiff*

GAIL R. BERAN
STATE OF NEW JERSEY
DEPARTMENT OF LAW & PUBLIC SAFETY
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625
*Attorney for defendants*

**HILLMAN, District Judge**

Before the Court is pro se plaintiff's motion to enforce settlement. Because this Court no longer has jurisdiction over settlement in this matter, this matter must be dismissed.

I. **BACKGROUND**

Plaintiff filed a complaint alleging violations of the Civil Rights Act and the New Jersey Law Against Discrimination. The parties entered into a settlement agreement on May 17, 2011.

On July 20, 2011, defendants filed a motion to enforce the settlement. A hearing was held before the Magistrate Judge who granted defendants' motion to enforce settlement on September 29, 2011.

On July 10, 2013, an Order of Dismissal was entered that stated that if settlement was not consummated, the parties could move within the next 60 days, or until September 8, 2013, to reopen the matter. After that time, the Court would no longer have jurisdiction. Neither party moved to reopen the matter within the 60 days.

On March 4, 2014, plaintiff filed a motion to enforce settlement on grounds that defendants failed to comply with the terms of the agreement, specifically with regard to the submission of a DPF-44 form. Defendants argue that they made numerous attempts to assist the Plaintiff with her DPF-44 form but that Plaintiff refused to cooperate. For the reasons that follow, this Court cannot resolve this apparently ongoing dispute.

II. **ANALYSIS**

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675-76 (1994). Enforcement of a

settlement agreement requires its own basis for jurisdiction. See id. at 378 ("Enforcement of the settlement agreement ... whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."). Plaintiff's motion rests on breach of the settlement agreement and enforcement thereof, and therefore, there is no apparent basis for federal jurisdiction. See id. at 382 ("Absent [retention of jurisdiction in the dismissal order], enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."); Shaffer v. GTE North, Inc., 284 F.3d 500, 504 (3d Cir. 2002) (determining that the terms of the settlement agreement were not made part of the order of dismissal and found district court lacked subject matter jurisdiction to rule on motion to enforce the settlement agreement); Sawka v. Healtheast, Inc., 989 F.2d 138, 141–42 (3d Cir. 1993) (holding that "unless a settlement is part of the record, incorporated into an order of the district court, or the district court has manifested an intent to retain jurisdiction, it has no power beyond the Rules of Civil Procedure to exercise jurisdiction over a petition to enforce a settlement"); Washington Hospital

3

v. White, 889 F.2d 1294, 1298-99 (3d Cir. 1989) (stating "a district court does not have continuing jurisdiction over disputes about its orders merely because it had jurisdiction over the original dispute").

Plaintiff filed her motion to enforce the settlement on March 4, 2014, well beyond the 60 day extension of jurisdiction stated in the Order of Dismissal.[1]  The parties have not highlighted any grounds by which this Court retained jurisdiction over settlement, beyond the initial 60 days following dismissal.  Moreover, the parties may not confer subject matter jurisdiction by consent, Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004).

Therefore, if plaintiff seeks to enforce the settlement agreement, she must file a new action either in state or federal court, and if she intends to file in federal court, she must include in her new complaint the basis for federal jurisdiction.[2]

---

[1]  The Court notes that there is no indication that plaintiff intended to file her motion pursuant to Fed.R.Civ.P. 60(b), and even assuming she did, there is no indication that it would be successful.  See Sawka v. Healtheast, Inc., 989 F.2d 138, (3d Cir. 1993) (breach of terms of settlement agreement is no reason to set judgment of dismissal aside pursuant to Rule 60(b)(6)).

[2] In other words, if filing a new complaint in federal court, plaintiff must state whether there is jurisdiction based on a federal question (i.e., a federal law is at issue), or complete diversity between the parties (i.e., the plaintiff must be from

### III. CONCLUSION

This Court lacks subject matter jurisdiction over this matter.  The motion will be denied as moot.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |

Dated: October 22, 2014

---

a different state than each of the defendants).  If plaintiff only seeks to enforce the settlement agreement (a contract action not sounding in federal law), and there is no diversity between the parties, then the complaint must be filed in state court.